1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ZACKERY WHEELER,                          Case No.  2:20-cv-01705-TLN-JDP (PS)

12                   Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                                 THAT THE COURT DISMISS THIS CASE
13           v.                                  FOR PLAINTIFF'S FAILURES TO
                                                 PROSECUTE AND TO COMPLY WITH
14    MATTHEW MAJESKY, *et al.*,                 COURT ORDERS

15                   Defendants.                 OBJECTIONS DUE WITHIN 14 DAYS

16

17

18           On November 24, 2020, defendants filed a motion to dismiss.  ECF No. 9.  In violation of

19    Local Rule 230(c), plaintiff failed to file an opposition or statement of non-opposition to

20    defendants' motion.  Accordingly, on January 13, 2021, I ordered plaintiff to show cause within

21    thirty days why this action should not be dismissed for failure to prosecute.  ECF No. 13.

22    Plaintiff has not responded to the court's order, and the time to do so has now passed.

23           To manage its docket effectively, the court imposes deadlines on litigants and requires

24    litigants to meet those deadlines.  The court may dismiss a case for plaintiff's failure to prosecute

25    or failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v.*

26    *U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005).  Involuntary dismissal is a harsh penalty, but

27    a district court has a duty to administer justice expeditiously and avoid needless burden for the

28

1    parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

2        In considering whether to dismiss the case for failure to prosecute, a court ordinarily

3 considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

4 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

5 favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."

6 *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779

7 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they

8 are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products*

9 *Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

10        "The public's interest in expeditious resolution of litigation always favors dismissal."

11 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California*

12 *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of

13 dismissal.

14        Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently

15 prejudicial to warrant dismissal. *Id.* (citing *Yourish*, 191 F.3d at 991). However, delay inherently

16 increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643,

17 and it is plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor

18 weighs in favor of dismissal.

19        As for the availability of lesser sanctions, at this stage in the proceedings there is little

20 available to the court that would constitute a satisfactory lesser sanction while protecting the court

21 from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use,

22 considering plaintiff's *in forma pauperis* status, and the preclusion of evidence or witnesses is not

23 available. While dismissal is a harsh sanction, no lesser sanction is available.

24        Finally, because public policy favors disposition on the merits, this factor weighs against

25 dismissal. *Id.*

26        After weighing the factors, including the court's need to manage its docket, the court finds

27 that dismissal is appropriate. The court will recommend dismissal without prejudice.

28        Accordingly, I recommend that the case be dismissed without prejudice based on

plaintiff's failures to prosecute and to comply with court orders.

I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     August 19, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3